NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dustin Henderson, | No. CV-21-01563-PHX-SRB (JFM) |
| Plaintiff, | **ORDER** |
| v. | |
| Cynthia Lopez, et al., | |
| Defendants. | |

On October 26, 2021, this Court entered its screening Order dismissing Count I and Defendants Mendoza, Marra, Lopez and Dauod and directing that an Answer be filed by Defendant Stowater[1] as to Count II. (Doc. 5) Defendant Stowater answered on January 10, 2022. (Doc. 9)

The October 26, 2021 Order referred this case to the Magistrate Judge for all pretrial proceedings. Plaintiff filed a Motion to Amend his Complaint on January 10, 2022. (Doc. 11) The Motion was granted by the Magistrate Judge on February 8, 2022 (Doc. 19) and on that same date the Magistrate Judge issued a Report and Recommendation screening the First Amended Complaint as required by 28 U.S.C. §1915(e)(2). (Doc. 21) In that Report and Recommendation, the Magistrate Judge recommended that Defendants Centurion and Mendoza be required to respond to the amended claim of deliberate indifference to medical needs in Amended Count I.

In an apparent response to the Report and Recommendation, Plaintiff filed a Motion

---

[1] Defendant Flora Stowater, NP was mistakenly identified as Dr. Stillwater in Plaintiff's Complaint but will be referred to in this Order by her correct name.

to Waive/Dismiss Respondeat Superior Claim on February 15, 2022 (Doc. 23) stating in part,

> "A Complaint under 42 U.S.C. §1983 does not provide for Respondeat Superior claims; but state tort does. However, a state tort medical claim requires Plaintiff to submit an affidavit concerning his mandatory expert witness, pursuant to A.R.S. §12-2603, et. seq. or that claim will be dismissed later….Plaintiff maintains his Monell claim against Centurion."

Defendant Stowater filed Objections on February 22, 2022 (Doc. 26), asking the Court to decline to adopt the Magistrate Judge's Report and Recommendation allowing Amended Count I to proceed against Defendants Centurion and Mendoza because the Magistrate Judge failed to consider the futility of Amended Count I.

Turning first to Plaintiff's Motion to Dismiss, the Magistrate Judge and this Court do not interpret Plaintiff's First Amended Complaint as raising a state law tort claim against Centurion for which *respondeat superior* liability would be properly asserted. Plaintiff's claim against Centurion is construed as a claim under the 8th Amendment and for possible *respondeat superior* liability for the alleged deliberate indifference of Defendant Mendoza. As the Magistrate Judge noted in his Report and Recommendation, the law in this Circuit is presently unclear whether a private contractor like Centurion is subject to *respondeat superior* liability for employees' actions which denied a constitutional right. Because Plaintiff does not raise a state law tort claim which could trigger the requirements of ARS §12-2603, the Motion will be denied as moot.

Defendant Stowater's Objections will be overruled. The Magistrate Judge did consider the assertion of futility of Amended Count I which was raised in Defendant's Response in Opposition to Plaintiff's Motion to Amend. The Order granting the amendment was filed on the same day as the Report and Recommendation. In that Order, the Magistrate Judge rejected Defendant's argument that the Motion to Amend should be rejected as futile and this Court will not revisit that issue on a Screening Order.

IT IS ORDERED denying Plaintiff's Motion to Waive/Dismiss Respondeat Superior Claim as moot. (Doc. 23)

IT IS FURTHTER ORDERED overruling Defendant Stowater's Written Objections to the Report and Recommendation. (Doc. 26)

IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court. (Doc. 21)

IT IS FURTHER ORDERED that Defendants Centurion and Mendoza are required to respond to the deliberate indifference to medical needs claim in Count I of the First Amended Complaint and Defendant Stowater is required to respond to the deliberate indifference to medical needs claim in Count II of the First Amended Complaint

IT IS FURTHER ORDERED dismissing without prejudice Defendant Lopez.

Dated this 8th day of March, 2022.

_____
Susan R. Bolton
United States District Judge